**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

**CIVIL ACTION NO. 20-136-DLB**

**WILLIAM HANNA**                                                                      **PLAINTIFF**

**v.**                           **MEMORANDUM OPINION AND ORDER**

**BOYD COUNTY DETENTION CENTER,
WILLIAM HENSLEY, Individually, and
ZACHARY SOWARDS, Individually**                               **DEFENDANTS**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Defendant Boyd County Detention Center and William Hensley's Motion for Summary Judgment (Doc. # 26). The matter has been fully briefed by the parties (Doc. # 30 and 32). For the reasons stated herein, the Court finds that Defendants, including Zachary Sowards, are entitled to judgment as a matter of law.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the arrest of William Hanna on January 19, 2020. Acting upon bench warrants from Lewis County for fourth-degree assault and Carter County for failure to appear in court, Ashland police officers arrested Hanna and transported him to the Boyd County Detention Center ("BCDC"). (Doc. # 26-3 and 4). He arrived at the BCDC at approximately 7:42 p.m. (Doc. 26-5). Officer Amanda Hardin noted that Hanna was "to[o] intoxicated" to answer the questions asked in order to complete the booking process. *Id.* Consequently, he was seated on a bench in the booking area, with his right wrist cuffed to an anchor in the wall. Videotape from this area of the BCDC shows Hanna

1

in a seated position, thus restrained, and apparently agitated. (Doc. # 26-6, at 21:00:00). He appears to be yelling to BCDC personnel while fidgeting on the bench. A little over five minutes later, Deputy Zachary Sowards appears on the screen. *Id.* at 21:05:47. He approaches Hanna, removes the handcuff from Hanna's right wrist, and attempts to collect the jacket and vest Hanna is wearing so as to log those items as personal property. (Deposition of Zachary Sowards, Doc. # 28, p. 10) For the following 12 seconds, Hanna appears to be speaking aggressively to Sowards, positioning his face within inches of Sowards' face. (Doc. # 26-6 at 21:05:47 – 21:05:59). For the following 15 seconds, Hanna continues to shout at Sowards; he slaps himself in the face, and waves his arms toward Sowards, who is gesturing to Hanna to remove his vest. *Id.* at 21:05:59 – 21:06:14. Hanna then stands up quickly and removes his vest, while screaming at Sowards, again, placing his face within inches Sowards' face. *Id.* at 21:06:13 – 21:06:15. Sowards directs Hanna to sit back down on the bench. *Id.* at 21:06:16 – 21:06:24. Hanna does not comply and continues to yell and gesture at Sowards. *Id.* at 21:06:16 – 21:06:24. At this point, Hanna is not restrained, and his hands are behind his back. Sowards reaches for Hanna's hands, pushes him into a seated position on the bench, and attempts to handcuff him. *Id.* at 21:06:24 – 21:06:27.

    For the next two minutes, Hanna steadfastly resists Sowards' efforts to restrain him. He pulls his arm out of Sowards' grip. *Id.* at 21:06:28 – 21:06:31. He slaps at Sowards' hands and pulls his own hands toward his own chest. *Id.* at 21:06:31 – 21:06:34. Sowards struggles to hold onto Hanna's hands. *Id.* at 21:06:34 – 21:06:36. Hanna then tries rise into a standing position and backs himself into the corner, while struggling to keep Sowards from grasping his hands. *Id.* at 21:06:36 – 21:06:53.

By this time, two other deputy jailers have joined Sowards in the effort to handcuff Hanna.  They grasp Hanna's hands, but Hanna breaks their grasp by briefly standing up. *Id.* at 21:06:53 – 21:06:58.  The struggle continues, as Hanna uses the wall behind him for leverage and, again, rises to standing position. *Id.* at 21:06:58 – 21:07:10.  The deputies pull Hanna from the bench and wrestle him to the ground, face-down, and attempt handcuff him. *Id.* at 21:07:10 – 21:07:16.  Hanna places his hands underneath his body, rolls onto his back with his hands up against his chest, then rolls onto his side while pulling his hands away from the deputies. *Id.* at  21:07:16 – 21:07:56.  During the struggle, one of the deputies sprays chemical irritant toward Hanna. *Id.* at 21:07:40 – 21:07:53.  A few seconds later, after Hanna seems to succumb to the chemical, Sowards and the other two deputy jailers handcuff him, lift him from the ground to the bench, and attach the handcuffs to the anchor in the wall. *Id.* at 21:07:54 – 21:09:23.

About a minute later, Sowards calls for a nurse to treat Hanna for exposure to chemical irritant; however, when the nurse arrives, Hanna curses at her and refuses any treatment by her. *Id.* at 21:10:30 – 21:11:26 and BCDC Incident Report, Doc. # 26-7.  Subsequently, he is taken to the nurse's office, where Hanna complained that his right hand was broken, but the nurse advised the deputies that Hanna's right hand was "fine." *Id.*  A few hours later, Hanna was transported to the Carter County Detention Center. (Doc. # 26-8).

On November 6, 2020, Hanna filed this civil action against Boyd County Detention Center, William Hensley, individually and Jeffery Salyer, individually. (Doc. # 1).  Hanna subsequently filed a Motion to Amend his Complaint in order to substitute Zachary Sowards, individually, as a Defendant in place of Jeffery Salyer. (Doc. # 5).  The Court

sustained the Motion and ordered that summons be issued upon Sowards. (Doc. # 6). The First Amended Complaint names the Boyd County Detention Center, William Hensley, individually and Zachary Sowards, individually, as Defendants (Doc. # 7).  It asserts causes of action pursuant to 42 U.S.C. § 1983 for excessive force as well as negligence, negligent hiring and retention, battery and outrage. *Id.*

Defendants BCDC and William Hensley seek summary judgment as to all claims alleged herein.[1]

## II.   ANALYSIS

### A. Service of Process

Summons was never returned as to Sowards. The Federal Rules of Civil Procedure require proper notice upon a Defendant. Rule 4 provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.Proc. 4(m).   Effective service may be deemed waived by participation in the ligation. *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012).

---

[1] The pending motion for summary judgment was filed by the BCDC and William Hensley, **not** Sowards. Yet, he is the primary actor in this case and Hanna's claims are, at their core, against Sowards.  A court may grant summary judgment in favor of a nonmoving party "so long as the losing party was on notice that [he] had to come forward with all [his] evidence." *Celotex Corp.,* 477 U.S. at 326. *See also*, *Salephur v. University of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998).  Here, Plaintiff could not credibly assert that he has not had ample opportunity to present his case against Sowards. He responded to the dispositive motion, specifically urging liability on the part of Sowards. Indeed, Plaintiff argued emphatically that Sowards remain a party, despite the lack of proper service.  The Court finds that he was not only on notice to present his evidence against Sowards, but that he has, in fact, presented such evidence.  Therefore, although Sowards has not moved for summary judgment, the Court will consider the matter *sua sponte*.

4

Plaintiff concedes that Sowards was not served with summons but contends that he waived proper service by actively participating in this litigation. A review of the record, however, establishes that Sowards' participation in the litigation cannot be described as "active" or "extensive." His only participation in this case was his appearance for a deposition on December 3, 2021. However, this case is in the later stages of litigation, discovery having been completed and a dispositive motion filed. While the Court does not condone the lack of proper service or the eleventh-hour wielding of a defense of insufficient service, the Court finds, because, as forth herein, Sowards is entitled to summary judgment, requiring service at this juncture would be inefficient and somewhat futile. Accordingly, the Court will proceed to the merits of this action and the pending dispositive motion.

### B. Standard of Review

Initially, the Court notes which claims remain pending for adjudication. In his response to the dispositive motion, Plaintiff abandoned his claims for negligent hiring and outrage as well as his claims against William Hensley (Doc. # 30, p. 10). In addition, Plaintiff failed to argue in support of his claim for negligence. As such, that claim is also deemed to have been abandoned. Fed.R.Civ.Proc. 56(c). *See also Hicks v. Concorde Career College*, 449 Fed. Appx. 484 (6th Cir. 2011). Finally, Plaintiff appears to agree that BCDC is not an entity capable of being sued, and, therefore, any claims alleged against it fail as a matter of law. *See Smith v. Franklin County Sheriff's Office*, 227 F.Supp.2d 667 (E.D.Ky. 2002). Therefore, the only claims remaining are against Zachary Sowards, individually, pursuant to 28 U.S.C. § 1983 and for battery.

Summary judgment is appropriate only when no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (internal quotations omitted). The Court construes the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party meets its burden of production, the nonmoving party must "go beyond the pleadings" through affidavits, depositions, answers to interrogatories and admissions on file to show a genuine issue exists for trial. *See Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. A mere scintilla of evidence is insufficient. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

As is the case in this matter, where "there is 'a videotape capturing the events in question,' the court must 'view[ ] the facts in the light depicted by the videotape.' " *Green v. Throckmorton*, 681 F.3d 853, 859 (6th Cir. 2012) (quoting *Scott v. Harris*, 550 U.S. 372, 378–81 (2007)). So, "[a]lthough ordinarily the plaintiffs' version of the facts must be accepted as true when deciding the defendant's motion for summary judgment, a video that contradicts a nonmovant's version of the facts can support a grant of summary judgment." *Lee v. City of Norwalk*, 529 F. App'x 778, 782 (6th Cir. 2013).

### C. Excessive Force

In his Amended Complaint, Plaintiff alleges that Sowards used excessive force against him and, as such, violated his rights under the Fourth Amendment of the United States Constitution. (Doc. # 7, ¶ 20). He further alleges that this constitutional violation deprived him of his civil rights under 28 U.S.C. § 1983. *Id.* at ¶ 20.

"In order to comply with the Fourth Amendment, an officer's use of force must be objectively reasonable under the totality of the circumstances." *Smith v. City of Troy*, 874 F.3d 938, 943 (6th Cir. 2017). "In evaluating whether a police officer used excessive force on a particular occasion, the court must view the situation from the perspective of a reasonable officer on the scene at the time and without the benefit of 20/20 hindsight." *Id.* at 943–44. The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386. 396-397 (1989).

"Not every push or shove" violates the Fourth Amendment." *Id.* In assessing whether the force used by officers runs afoul the Fourth Amendment, a non-exhaustive list of relevant factors include: (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff **was actively resisting.**" (emphasis added). *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). The crux of the inquiry is whether, on balance, an act of "gratuitous

7

violence has been inflicted." *See Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 539 (6th Cir. 2015).

Placing an arrestee in handcuffs is a necessary and standard safety measure in jail.  No one can legitimately dispute that.  Based on this record, the Court finds that the force used to handcuff Hanna was reasonable and narrowly tailored to the situation. The video speaks for itself.  It shows that Sowards used no force upon Hanna until he began to physically resist.  Then, Sowards only took hold of his wrist. It was not until Hanna's resistance escalated to pulling his hands away from Hanna, standing up, and otherwise acting aggressively that Sowards used additional force. As clearly seen on the video, Hanna's verbal and physical resistance continued without wavering.  Ultimately, it took three officers to handcuff Hanna and return him to a seated position on the booking area bench.

Plaintiff maintains that Sowards "manipulated" his hand and fingers and he "recoiled in pain." He contends that Sowards initiated the aggression, and it was not until after Sowards "manipulated" his hand that Hanna began to resist.  He contends that any force used was gratuitous.  The video tells a far different story.

Plaintiff's allegations are contracted by the video evidence.  Hanna was not compliant.  He steadfastly and actively resisted the officers' efforts to handcuff him.  He was belligerent and confrontational throughout the encounter.  As such, Sowards and the other officers had reason to apply force.  The force applied continued only until the officers were able to gain control over Hanna.   The video establishes that Sowards did not use excessive force against Hanna and precludes any argument that a genuine issue of

8

material fact remains. As such, Hanna has failed to establish a constitutional violation. Therefore, Sowards is entitled to judgment as a matter of law as to Plaintiff's §1983 claim.

### D. Battery

Hanna claims that the force used during his booking constituted battery.

Kentucky law permits officers to use reasonably necessary force to make an arrest. *See* K.R.S. § 503.090. The amount of force required to effect an arrest is discretionary and within the scope of the defendants. *Nichols v. Bourbon Cnty. Sheriff's Dep't*, 26 F. Supp. 3d 634, 642 (E.D. Ky. 2014) (citing *Woosley v. City of Paris*, 591 F. Supp. 2d 913, 922 (E.D. Ky. 2008)). "The use of excessive force by a police officer constitutes the intentional tort of battery." *Ali v. City of Louisville*, 2006 WL 2663018, at *8 (W.D.Ky. 2006).

Kentucky's qualified immunity doctrine shields officers from state-law liability. Qualified immunity in Kentucky protects officers from liability for "good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Public employees enjoy qualified official immunity for (1) discretionary acts (2) performed in good faith and (3) within the employee's scope of authority. *Id.* Actions taken within the scope of one's authority as a police officer constitute discretionary acts. *See Woosley v. City of Paris*, 591 F.Supp.2d 913, 922 (E.D. Ky. 2008). Bad faith stems from objective unreasonableness or willful or malicious intent to harm the plaintiff. *Yanero*, 65 S.W.3d at 523. "Once the officer or employee has shown *prima facie* that the act was performed within the scope of his/her discretionary authority, the burden shifts to the plaintiff to establish by direct or circumstantial evidence that the

discretionary act was not performed in good faith." *Id.* This requires malicious intent or a violation of plaintiff's clearly established rights. *See Yanero*, 65 S.W.3d at 523.

As discussed herein, Sowards' use of force was necessary and reasonable. Further, Hanna offers no specific argument that Sowards acted with malice or in bad faith. Moreover, the video refutes any suggestion that he did. The application of force was not gratuitous and lasted no longer than necessary to place Hanna in handcuffs. Accordingly, Sowards is entitled to qualified immunity as to Hanna's claim of battery and entitled to judgment as a matter of law.

### III. CONCLUSION

The party opposing summary judgment must show that he can make good on the promise of his pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. *Alpert v. United States,* 481 F.3d 404, 409 (6th Cir.2007). Plaintiff has not done so here. Accordingly,

**IT IS ORDERED** as follows:

1. Boyd County Detention Center and William Hensley's Motion for Summary Judgment (Doc. # 26) is **GRANTED** in full;
2. Summary Judgment is **GRANTED** in favor of Zachary Sowards;
3. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**; and
4. A **JUDGMENT** in favor of the Defendants shall be filed contemporaneously herewith.

This 1st day of March 2023.



Signed By:
*David L. Bunning* DB
United States District Judge